## MURPHY v. McWILLIAM et al.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

FALL OF DERRICK—NEGLIGENCE—EVIDENCE.

There is sufficient evidence of negligence of defendant, by the fall of whose derrick, occasioned by the pulling out from the ground of two guy posts, plaintiff was injured, a civil engineer, experienced in the use of derricks, having testified, without contradiction, that the guy wires should be strung from the posts at nearly a right angle; there being testimony that the posts pulled out, leaving in the earth the bark, which had been around them, with little or no disturbance of the bark or ground, from which a prima facie inference could be drawn that the wires were strung at an angle considerably greater than a right angle; the testimony for defendant as to angles being statements of the general impression of his witnesses, and the testimony being conflicting whether the bottoms of the guy-post holes were lined with stones, though it was proved that this was the usual and proper method of construction.

Appeal from trial term, New York county.

Action by John Murphy against Robert McWilliam and another. From a judgment on a verdict for plaintiff, and an order denying motion for new trial, on the minutes, defendants appeal. Affirmed.

The action is for negligence. The plaintiff was injured on April 6, 1893, at Latintown, N. Y., by the fall of a derrick erected by the defendants' servants. At the time, he was in the employ of the Neuchatel Asphalt Company, which was doing the asphalting work upon a structure known as the "Pratt Mausoleum."

The defendants were engaged in laying the stonework upon the Mausoleum. The fall of the derrick was occasioned by the pulling out from the ground of two posts, known as "guy posts." There were six of these posts, from which were strung wires, the other ends of which were attached to the top of the mast of the derrick, in order to relieve the strain put upon it by the weights lifted. Further facts are stated in the opinion.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Abram I. Elkus, for appellants.
J. Langdon Ward, for respondent.

BARRETT, J.   The plaintiff's freedom from contributory negligence was clearly established; but the defendants strenuously contend that there is no evidence in the case showing negligence in the construction or operation of the derrick.   There was, it is true, no expert testimony tending directly to show such negligence, but we think that the jury had the right to infer its existence from the proof. The plaintiff's witness Martin, a civil engineer who had had much experience in the handling of heavy weights by derricks, testified, without contradiction, that the guy wires should be strung from the posts at very nearly a right angle.   No direct evidence of the angle was given, but the plaintiff proved by two witnesses that the bark which had been on the posts that were pulled out was left in the holes, and that the earth around the holes was very little disturbed.   We think that the jury might draw from this a prima facie inference that the wires were strung at an angle considerably greater than a right angle, since, if the pressure had been exerted at a right angle, it seems hardly possible that the posts should have been drawn out so cleanly, with little or no disturbance of the bark or the ground. This inference is not rebutted, or seriously weakened, by the defendants' evidence.   No evidence was offered—as would have been natural if any existed—to show that the angle was, in fact, a right angle. A number of witnesses testified that the guy posts were set into the ground at about an angle of 45 degrees.   Even so, the angle of the wires to the posts would depend upon still another fact, viz. the distance between the posts and the mast of the derrick, the height of the latter being known.   The only evidence on this head is that of the defendants' witness William, who did not measure the distance, but judged it to have been from 75 to 100 and 150 feet.   Such testimony is practically valueless.   But even the evidence that the posts were set at an angle of 45 degrees is by no means unshaken.   None of the witnesses who testified on this point made any measurements or calculations.   They simply stated their general impression. Doubt is thrown upon its correctness by the circumstances already referred to, which were proved by the plaintiff's witnesses.   It seems impossible that the posts should have been drawn out as they were without disturbing the ground, unless they were nearer the perpendicular than an angle of 45 degrees.   One of the defendants' witnesses denied the fact to be as stated, and testified that the ground was considerably torn up; but on this issue the verdict is conclusive. The defendants' evidence as to the angle of the posts is weakened by

the testimony of their own witness Johnson as to the manner in which the posts were set. We think it could fairly have been inferred from this testimony that the posts were not set at anything like an angle of 45 degrees. The defendants' evidence upon this subject is further shaken by direct evidence in rebuttal. This consisted of the testimony of O'Neil, a laborer hired by the defendants to help in digging the post holes. He testified that the sides of the holes were straight up and down. Upon the whole evidence, we think that the jury were justified in finding that the guy wires were not attached to the posts at a right angle, but at a considerably greater one; that such a construction was negligent; and that it caused the accident and the plaintiff's injuries.

It should also be noticed that the evidence as to the manner of lining the holes was not undisputed. The defendants' foreman, Johnson, testified that they were lined at the bottom with stones. There was proof that this is the usual and proper method of construction. But Johnson's testimony was disputed by his helper, O'Neil, who said that no stones were used; and an issue for the jury seems to have been thus presented.

None of the exceptions taken by the defendants need be discussed. We have examined them, and do not regard any of them as well taken. A number of the exceptions to the refusals to charge are untenable because the requests insisted, in different forms, upon the proposition that the plaintiff was obliged to prove his case beyond a reasonable doubt,—a test not applicable to civil cases.

The judgment and order should be affirmed, with costs. All concur.

